IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FORDRICK KEALOHA,          )        CIVIL NO. 06-00528 HG-KSC
#A1061861                  )
                           )
          Plaintiff,       )
                           )
     vs.                   )        ORDER OF DISMISSAL PURSUANT
                           )        TO 28 U.S.C. § 1915A; ORDER
HALAWA CORRECTIONAL FACILITY )      DENYING REQUEST FOR
STAFF/ADMINISTRATION and M.D. )     APPOINTMENT OF COUNSEL; AND
DEWITT,                    )        ORDER DIRECTING PAYMENT OF
                           )        FILING FEE OR SUBMISSION OF
          Defendants.      )        IN FORMA PAUPERIS APPLICATION
_____ )

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND ORDER DIRECTING PAYMENT OF FILING FEE OR SUBMISSION OF IN FORMA PAUPERIS APPLICATION**

On September 27, 2006, *pro se* plaintiff Fordrick Kealoha, a Hawaii prisoner incarcerated at Halawa Correctional Facility, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Kealoha names Halawa Correctional Facility staff/administration and M.D. Dewitt, in their official capacities, as Defendants (collectively "Defendants"). Kealoha requests that the court appoint an attorney to represent him. Kealoha has neither paid the $350.00 filing fee, nor submitted an *in forma pauperis* application. For the following reasons, Kealoha's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2), with leave granted to amend; Kealoha's request for appointment of counsel is DENIED; and Kealoha is hereby ORDERED to either pay the $350.00 filing fee for institution of this action, or submit an *in forma*

*pauperis* application.

## BACKGROUND

Kealoha sets forth two claims in his Complaint.  Kealoha alleges that Halawa "staff/administration" placed a "mental-health" inmate in his housing module and that the inmate broke Kealoha's jaw in two places.  (Compl. at 4.)  Kealoha further alleges that "M.D. Dewitt" did not provide him with the "right" medical treatment.[1]  (Compl. at 5.)

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  <u>Morrison v. Hall</u>, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it

---

[1] Kealoha indicates neither the date of the alleged incident nor the date(s) of the alleged incorrect medical treatment.

2

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988).

I.   Defendants Sued in Their Official Capacities Are Entitled to Eleventh Amendment Immunity With Respect to Claims for Damages.

Kealoha names Defendants in their official capacities, but does not state whether he seeks damages or injunctive relief. It appears to the court, however, that Kealoha does not seek injunctive relief. This Court lacks jurisdiction over Kealoha's claims for damages against Defendants in their official

3

capacities.  Those claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267-68 (1997).  Defendants, as state officials, are immune from suit for damages in their official capacities.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Claims for damages against Defendants in their official capacities are DISMISSED.

Eleventh Amendment immunity does not bar all claims against state officials in their official capacities, and it does not bar claims against state officials sued in their individual capacities.  While state officials acting in their official capacities may not be sued in federal court for damages or violations of state law, they may be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984); Lawrence Livermore Nat'l Lab., 131 F.3d at 839.  Kealoha, however, does not seek prospective injunctive relief.

The Eleventh Amendment is not a bar that may be cured by the filing of any amended complaint.  While this Order gives Kealoha

4

leave to submit an amended complaint, he may not reassert claims dismissed here as barred by the Eleventh Amendment.  That is, Kealoha may not reassert damage claims against Defendants in their official capacities.

II.  <u>Kealoha's Request for Appointment of Counsel Is Denied.</u>

Kealoha seeks appointment of counsel.  (Compl. at 7.)  "The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Federal courts do not, however, have the authority "to make coercive appointments of counsel."  <u>Mallard v. United States Dist. Ct. for S. Dist. of Iowa</u>, 490 U.S. 296, 310 (1989).  The court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'"  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>see also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Terrell</u>, 935 F.2d at 1017 (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together before reaching a decision on request for counsel under § 1915.  <u>Id.</u>; <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569

(9th Cir. 1995).

First, as Kealoha has not filed an application to proceed *in forma pauperis*, the court is unable to determine whether he is unable to afford counsel.  Even if Kealoha makes the showing required by 28 U.S.C. § 1915, to proceed *in forma pauperis*, all indigent inmates are unable to afford counsel and are disadvantaged in presenting their civil cases due to their incarceration.  These are not sufficient reasons in themselves, for appointing Kealoha counsel.

In addition, Kealoha sets forth no reason why the court should appoint counsel.  This Court finds that the issues presented in this action are, in fact, straightforward and should be reasonably simple to litigate.  Most, if not all, trials involve conflicting testimony and credibility determinations.  These factors do not support the extraordinary circumstances necessary to appoint counsel.  The record does not disclose matters which are so complex, either factually or legally, as to *require* counsel to adequately litigate them.

Moreover, although Kealoha presumably has no legal education, he is neither illiterate nor unable to speak English.  Most, if not all, *pro se* litigants can claim the lack of a legal education and this does not support the extraordinary circumstances necessary for the appointment of counsel.  While

this Court cannot determine to a certainty Kealoha's likelihood
of success on the merits, it does not find the "exceptional
circumstances" necessary for the appointment of counsel.
Kealoha's request for appointment of counsel is DENIED without
prejudice.  This order does not prevent Kealoha from contacting
attorneys on his own in an effort to find one who will assist
him.

III.    Kealoha Is Directed to Pay the Filing Fee or Submit an
        Application to Proceed In Forma Pauperis.

    Parties filing actions in the United States district court
are required to pay filing fees.  See 28 U.S.C. § 1914(a).  An
action may proceed without the payment of filing fees only upon
granting of in forma pauperis status.  See 28 U.S.C. § 1915.
Prisoners who are granted in forma pauperis status are still
required to pay the entire filing fee, although they may do so in
installments.  See 28 U.S.C. § 1915(b).

    Kealoha is hereby ORDERED to either pay the $350.00 filing
fee for institution of this action, or submit an in forma
pauperis application.  If his in forma pauperis application is
denied, Kealoha must pay the filing fee or his action will be
dismissed.  See 28 U.S.C. § 1914(a); see also In re Perroton, 958
F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of pro se
litigant for failure to pay required filing fees).

    Failure to either pay the statutory filing fee or submit an

7

*in forma pauperis* application by **November 17, 2006**, will result

in AUTOMATIC DISMISSAL of this action.  See <u>Olivares v. Marshall</u>,

59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to

dismiss without prejudice prisoner complaint for failure to pay

partial filing fee); <u>In re Perroton</u>, 958 F.2d 889.

**CONCLUSION**

IT IS HEREBY ORDERED THAT:

1.   Kealoha's claims for damages against all Defendants in

their official capacities are DISMISSED with prejudice.

2.   Kealoha's Complaint is DISMISSED pursuant to 28 U.S.C.

§ 1915A(b)(2).  Kealoha is GRANTED THIRTY DAYS LEAVE TO AMEND his

Complaint, if possible, to cure the deficiencies discussed above.

**Failure to file an amended complaint within thirty days of this**

**order will result in AUTOMATIC DISMISSAL of this action with**

**prejudice pursuant to 28 U.S.C. § 1915A.  Such a dismissal shall**

**count as one strike pursuant to 28 U.S.C. § 1915(g).**

3.   If Kealoha decides to amend the Complaint in accordance

with this order, the amended complaint must "reproduce the entire

pleading as amended and may not incorporate any part of a prior

pleading by reference."  Local Rule 10.3.  The document must bear

the docket number assigned this case and must be clearly labeled

"Amended Complaint."

4.   Kealoha's request for appointment of counsel is DENIED

without prejudice.  This order does not prevent Kealoha from contacting attorneys on his own in an effort to find one who will assist him.

5.    Kealoha is hereby ORDERED to either pay the $350.00 filing fee for institution of this action, or submit an *in forma pauperis* application.  If his *in forma pauperis* application is denied, Kealoha must pay the filing fee or his action will be dismissed.  *See* 28 U.S.C. § 1914(a).  Failure to either pay the statutory filing fee or submit an *in forma pauperis* application by **November 17, 2006**, will result in AUTOMATIC DISMISSAL of this action.

5.    The Clerk is DIRECTED to send Kealoha a prisoner civil rights complaint form and an *in forma pauperis* application so that he may comply with this Order.  The Clerk is further DIRECTED to forward a copy of this Order to Kealoha; to the Department of Public Safety's designee Thomas Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814; and to Mark J. Bennett, Attorney General of the State of Hawaii, at 425 Queen Street,

//

//

//

Honolulu, Hawaii, 96813.

          IT IS SO ORDERED.

9

DATED:   Honolulu, Hawaii, October 18, 2006.



_/s/ Helen Gillmor_____
Chief United States District Judge

<u>Kealoha v. Dewitt</u>, et al., Civil No. 06-00528 HG-KSC; ORDER DIRECTING PAYMENT
OF FILING FEE OR SUBMISSION OF IN FORMA PAUPERIS AND ORDER OF DISMISSAL
PURSUANT TO 28 U.S.C. § 1915A; heather/Screening Orders 06/Kealoha F (06-
528)(IFP or pay and dis C)